■ CONSIDAR, INC., et al., Respondents-Appellants, v EQUIP-
MENT AND PARTS EXPORT, INC., et al., Appellants-Respondents.
[706 NYS2d 633] —Order, Supreme Court, New York County (Ira
Gammerman, J.), entered March 18, 1999, which denied the
post-trial motion of defendant SGS Control Services, Inc., *inter
alia*, to set aside the jury verdict, granted defendant Equip-
ment and Parts Export, Inc. (EPE) judgment on its cross claim
for indemnification against SGS, granted defendant EPE's mo-
tion. for a downward modification of the jury's award of dam-
ages to the extent of reducing the verdict to $1,052,074,
dismissed the claims of plaintiff Considar, Inc., and directed
that judgment in the principal amount of $1,052,074 be entered
in favor of plaintiff MRM Corporation and against defendants
EPE and SGS, and ensuing judgment, same court and Justice,
entered March 31, 1999, entitling plaintiff MRM to recover the
total sum of $1,441,718.43 from defendants, and judgment,
same court and Justice, entered April 27, 1999, which, upon
the prior grant of judgment to EPE upon its cross claim for
indemnification, entitled EPE to recover the total sum of
$1,448,382.65 from defendant SGS, unanimously modified, on
the law and the facts, to reduce the principal amount of the
award of damages from $1,052,074 to $1,003,051.45, and
otherwise affirmed, without costs, and the matter remanded
for further proceedings.

The trial court properly found that EPE and MRM's contract
was not ambiguous and, accordingly, properly excluded
testimony on the parties' intent (*see, Matter of Wallace v 600
Partners Co.*, 86 NY2d 543, 548). MRM and Considar's litiga-
tion agreement did not amount to an impermissible collusive
*Mary Carter* agreement since MRM did not agree to feign a
defense so as to minimize its liability while at the same time
increasing EPE and SGS's liability (*see, Leon v Peppe Realty
Corp.*, 190 AD2d 400, 414). Considar's claims against SGS were
properly dismissed (*see, Credit Alliance Corp. v Arthur
Andersen & Co.*, 65 NY2d 536, 551). We find no error in the
court's jury charge. We find, however, that the damages
awarded were improperly calculated and modify accordingly.

We have considered the parties' remaining contentions for
affirmative relief and find them unavailing. Concur—Wallach,
J. P., Lerner, Rubin and Buckley, JJ.